COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-06-005-CV

 

 

IN THE INTEREST OF H.J.A.,

A
MINOR CHILD

 

 

------------

 

               FROM
COUNTY COURT AT LAW OF PARKER COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Appellant John A. appeals
from the trial court=s judgment
terminating his parental rights to his daughter H.J.A.  After a trial, a jury found that his rights
should be terminated.  In the trial court=s judgment, the trial court found by clear and convincing evidence
that Appellant had done one or more of the following:








a.      knowingly placed or knowingly allowed the child to remain in
conditions or surroundings that endanger the physical or emotional well-being
of the child;

 

b.     engaged in conduct or knowingly placed the child with persons
who engaged in conduct that endangers the physical or emotional well-being of
the child; or

 

c.      been the major cause of the child=s
absence from the home without the consent of the parents or guardian for a
substantial length of time or without the intent to return.

 

Appellant does not challenge this finding.

The trial court also found
that termination of the parent-child relationship would be in H.J.A.=s best interest.  In one issue,
Appellant contends that the evidence is legally insufficient to support the
best interest finding.

The undisputed evidence at
trial showed that in September 2004, Appellant unlawfully extended his
possession of H.J.A. and, instead of taking her to school, took her to Georgia
via motorcycle.  Law enforcement officers
there arrested him and returned H.J.A. to her mother.  After being transported back to Texas,
Appellant pled guilty to the offense of interference with child custody and was
convicted and sentenced.  At the time of
the trial in this case, Appellant had been confined since his arrest and had
not seen H.J.A. since that date, about fifteen months earlier.  He had no assets, no income, and no job.








Evidence favorable to the
verdict also showed that a two-year protective order was in place at the time
of trial, ordering Appellant to stay away from H.J.A. and her mother, that
Appellant had pressured H.J.A. to falsely report both that she was afraid of
her stepfather and that her stepfather had sexually assaulted her, that CPS had
ruled the allegations out, that Appellant had threatened the stepfather, that
Appellant had tried to hire someone to kill H.J.A.=s mother, that Appellant had told others that he would have H.J.A. or
no one would, that H.J.A. has nightmares about being taken away and about
Appellant hurting her mother, that H.J.A. does not want to see Appellant, and
that H.J.A.=s mother is
open to the possibility of H.J.A. having professionally supervised contact with
Appellant at a later date if H.J.A. desires it and if Appellant shows objective
signs of change.

Applying the appropriate
standard of review,[2]
we hold that, based upon our review of the record, the evidence is legally
sufficient to support the best interest finding and therefore the verdict.  We overrule Appellant=s sole issue and affirm the trial court=s judgment of termination.

 

LEE ANN DAUPHINOT

JUSTICE

PANEL B:   LIVINGSTON, DAUPHINOT,
and HOLMAN, JJ.








DELIVERED: 
DECEMBER 14, 2006











[1]See Tex. R.
App. P. 47.4.





[2]See In re
J.F.C., 96 S.W.3d 256, 265-66 (Tex. 2002); Holley v. Adams, 544
S.W.2d 367, 371‑72 (Tex. 1976).